UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MARCUCILLI,

        Plaintiff,                CIVIL ACTION NO. 04-CV-40244-FL

    vs.

                                  DISTRICT JUDGE PAUL V. GADOLA

AMERICAN AIRLINES, INC.,      MAGISTRATE JUDGE MONA K. MAJZOUB
TRANSPORT WORKERS UNION
LOCAL 521, TRANSPORT WORKERS
UNION OF AMERICA– AIR TRANSPORT
DIVISION,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOCKET # 13)

Proceeding *pro se*, Plaintiff Marcucilli filed the instant complaint on August 24, 2004. Plaintiff retained counsel in November 2004. On March 9, 2005, Plaintiff, through his counsel, filed a Motion to File Amended Complaint seeking to add a demand for jury trial and allegations of a class action. Defendants American Airlines (AA) and Transport Workers Union (TWU) both filed responses in opposition to Plaintiff's Motion to File Amended Complaint. Defendants also filed Motions to Dismiss and for Summary Judgment which were the subject of the undersigned's Report and Recommendation (R&R) issued on October 3, 2005. In that R&R, the undersigned recommended that Defendants' Motions to dismiss and for Summary Judgment be denied. The Court now considers Plaintiff's Motion to File Amended Complaint.

After a party has filed a complaint and later wishes to amend his original complaint, he must do so in accordance with Fed. R. Civ. P. 15(a) which reads,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of the court or by written

> consent of the adverse party; and leave shall be freely given when justice
> so requires.

Leave to amend is freely granted and discretionary. A court's decision to allow an amendment depends on several factors including, but not limited to, a finding of bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants oppose Plaintiff's motion to amend asserting that Plaintiff has failed to state claims and that the Court is without jurisdiction. The undersigned has already considered and rejected these arguments in the R&R issued on October 3, 2005 and incorporates the same reasoning here.

AA also opposes Plaintiff's amended complaint on the grounds that a jury trial is unwarranted in an action to overturn an arbitration award under § 153 of the Railway Labor Act. This argument is wholly without merit. Essentially, AA misunderstands the nature of Plaintiff's claims. The crux of Plaintiff's complaint is that AA has failed to properly calculate and apply the seniority formulas as set forth in Kasher's binding arbitration awards. Plaintiff is not attempting to set aside Kasher's arbitration award but seeks to enforce the same. Defendants contend that Kasher's arbitration awards have been properly applied as confirmed under a second arbitration award issued without jurisdiction by John Barnard. Aside from the second arbitration award issued without jurisdiction, Plaintiff is still entitled to a jury trial as to his hybrid claim that Defendant AA breached the collective bargaining agreement and Defendant TWU breached its duty of fair representation. Accordingly, the Court rejects AA's argument that Plaintiff's request for jury trial is futile.

The Court also rejects AA's argument that "Plaintiff also does not adequately explain why he waited seven months to seek to amend his Complaint" (Defendant AA's Brief in Opposition to Plaintiff's Motion, pg. 3). As the Sixth Circuit has eloquently concluded:

> Delay alone, however, does not justify the denial of leave to amend.
> Rather, the party opposing a motion to amend must make some
> significant showing of prejudice to prevail.  Delay that is neither
> intended to harass nor causes any ascertainable prejudice is not a
> permissible reason, in and of itself to disallow an amendment of a
> pleading.

*Moore v. City of Paducah*, 790 F.2d 557, 561 (6th Cir. 1986).  Accordingly, this Court rejects Defendants' argument that Plaintiff's delay in seeking amendment is sufficient ground to deny his instant motion.

Defendant TWU's arguments in opposition to Plaintiff's proposed amended complaint are equally unavailing.  First, TWU opposes Plaintiff's proposed amended complaint adding class allegations because Plaintiff failed to meet the requirements of Fed. R. Civ. P. 23.  Specifically, TWU emphasizes that Plaintiff fails to demonstrate the standard numerosity, typicality, and commonality requirements of a class action.  Federal R. Civ. P. 23 dictates that "[w]hen a person sues or is sued as a representative of a class, the court must – at an early practicable time – determine by order whether to certify the action as a class action." At this stage, Plaintiff seeks only a technical amendment of his complaint to add allegations of class action.  TWU is misconstruing Plaintiff's Motion to File Amended Complaint as a motion to certify a class action and thus TWU's argument is premature.

To the extent that TWU suggests that Plaintiff's proposed amendments are futile, this Court disagrees.  Plaintiff has not been afforded an opportunity to conduct discovery and Plaintiff's Motion to Compel is currently pending before the Court.  It is difficult, if not impossible, for this Court to determine the futility of Plaintiff's proposed class allegations where Plaintiff has been unable to obtain any discovery relating to this issue.  As one court has pointed out:

> Although the trial court must determine if an action is to be maintained
> as a class action as soon as practicable after the commencement of the
> action this does not mandate precipitous action.  A court should defer
> decision on certification pending discovery if the existing record is
> inadequate for resolving the relevant issues.  In particular, discovery may
> be necessary in order to appraise the adequacy of representation.
> Failure to allow discovery, where there are substantial factual issues

> relevant to the certification of the class, makes it impossible for the
> party seeking discovery to make an adequate presentation in its
> memoranda of law or at the hearing on the motion if one is held.

*Chateau de Ville Productions, Inc. v. Tams-Witmark Music Library, Inc.*, 586 F.2d 962 (2d Cir. 1978).

Accordingly, the Court rejects Defendant's assertions that Plaintiff's class action allegations are futile.

The Court also rejects Defendant TWU's assertions that the claims, if any, of other potential

class members are time-barred. "The statute of limitations is an affirmative defense, and a plaintiff is

not required to negate an affirmative defense in his complaint." *Svec v. Board of Trustees of Teamsters Local*

*Union No. 727 Pension Fund*, 2002 U.S. Dist. LEXIS 13235; 28 Employee Benefits Cas. (BNA) 2662

(N.D. Ill. 2002). Because Defendants are free to raise any affirmative defenses consistent with Fed. R.

Civ. P. 8, the Court rejects TWU's assertion that laches should serve as grounds to deny Plaintiff's

Motion to Amend.

For the following reasons, the Court is convinced that Plaintiff Motion to Amend should be

granted. Plaintiff's original complaint, which he filed *pro se*, was captioned as "Mark Marcucilli and

similarly situated American Airlines, Inc., Employees" (Plaintiff's Complaint filed August 24, 2004,

Docket # 1). Having included "similarly situated . . . Employees", Defendants had notice of Plaintiff's

intent to file a class action lawsuit and therefore Defendants cannot claim surprise as to Plaintiff's

proposed amended complaint. The Court is also convinced that Plaintiff should be allowed to amend

his complaint to include a demand for a jury trial. In the Civil Cover Sheet filed with his complaint,

Plaintiff checked "Yes" in the box for "Jury Demand". By way of affidavit accompanying the instant

motion, Plaintiff testified that he served a copy of the Civil Cover Sheet on both Defendants AA and

TWU. In this regard, Plaintiff complied with Fed. R. Civ. P. 38(b) which provides that:

> Any party may demand a trial by jury of any issues triable of right by a
> jury by (1) serving upon the other parties a demand therefor in writing
> at any time after the commencement of the action and not later than 10
> days after the service of the last pleading directed to such issue, and (2)

-4-

filing the demand as required by Rule 5(d).

Fed. R. Civ. P. 38(b);  *see also Winant v. Carefree Pools*, 118 F.R.D. 28, 29 (E.D. N.Y. 1988)(holding that a civil cover sheet timely served and containing a written jury demand clearly satisfies Rule 38(b)).

Notwithstanding Rule 38(b), it is also within the discretion of the court to conduct a jury trial even where a party has failed to make written demand under Rule 38(b).  Specifically, Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."  Fed. R. Civ. P. 39(b); *see also Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1013 (6th Cir. 1987)("The court's discretion [under Rule 39] should be exercised in favor of granting a jury trial in the absence of strong and compelling reasons to the contrary.").  Here, Defendants had notice that Plaintiff was demanding a jury as indicated in the civil cover sheet.  In these circumstances, denying Plaintiff's request to amend would be a triumph of form over substance contrary to the purposes of the Federal Rules.

For all of the aforementioned reasons, Plaintiff's Motion to File Amended Complaint is **GRANTED.**  The Clerk of the Court is directed to file Plaintiff's proposed amended complaint.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: October 5, 2005                       s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

-5-

**<u>Proof of Service</u>**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: October 5, 2005                                  s/ Lisa C. Bartlett_____
                                                        Courtroom Deputy