UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK MARCUCILLI,**

       **Plaintiff,**        **CIVIL ACTION NO. 04-CV-40244-FL**

vs.

                **DISTRICT JUDGE PAUL V. GADOLA**

**AMERICAN AIRLINES, INC.,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**TRANSPORT WORKERS UNION**
**LOCAL 521, TRANSPORT WORKERS**
**UNION OF AMERICA– AIR TRANSPORT**
**DIVISION,**

       **Defendants.**
_____/

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY (DOCKET # 23 & 39)

Proceeding *pro se*, Plaintiff filed the instant complaint on August 24, 2004, pursuant to the Railway Labor Act (RLA), 45 U.S.C. § 153 *et. seq.* Plaintiff was previously employed by Trans World Airlines (TWA) until April 10, 2001, at which time TWA's assets were purchased by American Airlines (AA). As a result of the acquisition, Plaintiff became employed by AA and was represented by the Transport Workers Union (TWU) which union serves as the collective bargaining agent for certain groups of AA employees.

In the instant complaint, Plaintiff alleges that AA is failing to properly apply the seniority integration formula as set forth in the Kasher Award and subsequent DRC rulings and that such failure constitutes a breach of the collective bargaining agreement (CBA). Plaintiff also alleges that TWU, his collective bargaining agent, breached its duty to fairly represent him in his grievance against AA based on the alleged breach of the CBA. After retaining counsel, Plaintiff filed a Motion to Amend Complaint in which he sought to add allegations of class actions and a jury demand. On April 8, 2005, Defendant AA filed a Motion for Summary Judgment and on May 2, 2005, Defendant TWU filed its Motion to

Dismiss and for Summary Judgment. On May 4, 2005, Plaintiff filed a Motion to Compel Discovery to which AA filed a Motion to Stay Discovery pending the Court's ruling on Defendants' dispositive motions. On June 4, 2005, Plaintiff filed a second Motion to Compel Discovery directed to American Airlines.

On October 3, 2005, the undersigned issued a Report and Recommendation recommending that Defendants' dispositive motions be denied. Specifically, the undersigned concluded that there were genuine issues of material fact not appropriate for summary judgment and that Defendants' dispositive motions were premature in light of the fact that Plaintiff has not yet been afforded any discovery. Defendants filed objections to the undersigned's Report and Recommendations. On October 5, 2005, the undersigned issued Orders Granting Plaintiff's Motion for Leave to Amend Complaint and Denying Defendant AA's Motion to Stay Discovery to which Defendants appealed to the Honorable Paul V. Gadola.

The only remaining motions pending before the undersigned are Plaintiff's Motions to Compel Discovery (docket # 23 & 39). In his Motions to Compel, Plaintiff seeks documents relating to the seniority lists of Defendant AA's employees and Plaintiff's personnel file. Plaintiff also seeks documents relating to the May 18, 2004 arbitration hearing before Arbitrator John Barnard. Defendants produced no documents responsive to Plaintiff's discovery requests and asserted numerous perfunctory objections including that the requests for discovery are overly broad and not likely to lead to discovery of relevant information.

On October 26, 2005, the undersigned conducted a telephonic conference to discuss resolution of Plaintiff's Motions to Compel. During the telephonic conference, Defendants reiterated their position that discovery should not move forward in light of their appeals and objections presently pending before Judge Gadola. This Court disagrees. Defendants have filed an appeal of the

undersigned's Order Denying Defendants' Motion to Stay Discovery. Until Judge Gadola has ruled on such appeal, this case should proceed on the Orders currently in place.

Defendants also suggest that discovery is not appropriate in light of Plaintiff's amended complaint containing class allegations. This argument is also without merit. Whether Plaintiff proceeds individually or as a member of a class is irrelevant to whether Defendant AA has breached the CBA by failing to properly apply Kasher's seniority integration award. If Plaintiff proves his allegations, then all employees adversely effected by AA's breach would stand to gain. The only method by which Plaintiff, or a potential class, could prove this claims is to examine the master seniority lists to determine how the employees' seniority has been calculated and whether former TWA employees were 'endlisted' on the master seniority list. This discovery is essential to Plaintiff's claims individually or as a member of a class.

The Court also rejects Defendants' perfunctory objections in light of the fact that Defendants have made **no good faith effort to produce any documents** responsive to Plaintiff's discovery requests. Moreover, Plaintiff's requests are relevant to his claims that Defendant AA breached the CBA and that Defendant TWU breached its duty to fairly represent him. By way of example, the reasons underlying TWU's decision to use Arbitrator Barnard notwithstanding the parties' express agreement that Arbitrator Kasher would resolve all seniority disputes is directly relevant to Plaintiff's claim that TWU acted in bad faith and may have discriminated against former TWA employees.

Accordingly, Plaintiff's Motions to Compel are **GRANTED.**

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: October 26, 2005                          s/ Mona K. Majzoub
                                                                         MONA K. MAJZOUB
                                                                         UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this Memorandum Opinion and Order was served upon Counsel of Record on this date.

Date: October 26, 2005                          s/ Lisa C. Bartlett
                                                                         Courtroom Deputy