UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MARCUCILLI,

                Plaintiff,

                                       CIVIL CASE NO. 04-40244

v.

AMERICAN AIRLINES, INC., TRANSPORT      HONORABLE PAUL V. GADOLA
WORKERS UNION LOCAL 521, TRANSPORT   U.S. DISTRICT COURT
WORKERS UNION OF AMERICA - AIR
TRANSPORT DIVISION,

                Defendants.
_____/

## ORDER

Plaintiff filed this hybrid action against his employer American Airlines ("AA") and against both his local union, Transport Workers Union Local 521, and the national organization of the union, Transport Workers Union of America-Air Transport (collectively, "TWU"). Before the Court are Defendant AA's motion for summary judgment filed on April 8, 2005, Defendants TWU's motion to dismiss or for summary judgment filed on May 2, 2005, and Magistrate Judge Mona K. Majzoub's Report and Recommendation filed on October 3, 2005. The Magistrate Judge recommended that Defendants' motions to dismiss and for summary judgment should be denied. The Magistrate Judge served the Report and Recommendation on the parties on October 3, 2005, and notified the parties that any objections must be filed within ten days of service. Defendants timely filed objections to the Report and Recommendation, and Plaintiff filed responses. For the reasons stated below in Section II, the Court overrules Defendants' objections and adopts the Magistrate Judge's Report and Recommendation, denying Defendants' motions to dismiss and for

summary judgment.

Following the Report and Recommendation, the Magistrate Judge also issued three nondispositive orders granting Plaintiff's motions to compel discovery, granting Plaintiff's motion to amend complaint, and denying AA's motion to stay discovery. Defendants filed objections to these nondispositive orders. For the reasons stated below in Section III, the Court overrules Defendants' objections and affirms the Magistrate Judge's orders granting Plaintiff's motions to compel discovery, granting Plaintiff's motion to amend his complaint, and denying AA's motion to stay discovery.

Finally, AA has also filed a motion to stay the litigation of the case and TWU has filed a motion to allow oral argument. For the reasons stated below in Section IV, the Court denies both motions.

**I.     Background**

Plaintiff was a Transworld Airlines ("TWA") employee for 23 years until AA acquired all of TWA's assets on April 10, 2001. As a result of the acquisition, Plaintiff became an employee of AA, was no longer represented by the International Association of Machinists, and gained representation by TWU, who represented AA employees and served as their collective bargaining agent. Due to the acquisition of TWA by AA, the parties submitted to arbitration the issue of seniority integration of former TWA employees becoming new AA employees. On April 29, 2002, the arbitrator, Richard Kashner, issued an award ("Award") which addressed the "Integration of Seniority Lists" between TWA and AA employees. The Award also called for the formation of a Dispute Resolution Committee ("DRC") that would hear and resolve disputes concerning the

implementation and proper interpretation of the Award. Kashner, by an agreement of the parties, was made the DRC, even though he is an individual. Under the Award, an employee's seniority varied depending on the employment location. For example, an employee at the St. Louis station would receive 100 percent of their TWA seniority whereas an employee at the Detroit or New York Station would receive only 25 percent, while still other TWA employees at certain other cities would receive a seniority based on a start date of April 10, 2001, the date AA acquired TWA.

Plaintiff was an employee at the St. Louis facility which, according to the Award, received a 100 percent seniority designation. Due to a reduction in the work force at the St. Louis station, Plaintiff opted to transfer to the Detroit station, which was designated a 25 percent seniority station. When Plaintiff transferred, instead of retaining 100 percent of his seniority as did the employees who remained at the St. Louis station, Plaintiff's seniority was reduced to 25 percent. Plaintiffs contends that pursuant to the Award, he should retain 100 percent of his seniority. Defendant AA disagrees, arguing that Plaintiff is not entitled to retain 100 percent of his seniority, but that his seniority should be adjusted downward to 25 percent.

In December 2003, Plaintiff filed a grievance disputing AA's interpretation of the Award reducing his TWA seniority. After that grievance was denied by AA and Plaintiff had exhausted the administrative grievance appeals process, Plaintiff petitioned his union, TWU, to arbitrate his grievance. TWU declined to pursue Plaintiff's request for further arbitration.

During this time, a case involving an employee named Mark Clover in a situation similar to Plaintiff's was proceeding before an arbitrator named John Barnard. Like Plaintiff, Clover worked at the St. Louis station where he would have retained 100 percent of his seniority, and opted to

3

relocate to the New York station, which was a 25 percent seniority station. Clover argued that he should retain 100 percent of his seniority. The arbitrator Barnard eventually ruled that because of his transfer to New York, Clover could not retain the benefit of the St. Louis station's 100 percent seniority designation but, instead, that Clover retained only the 25 percent seniority designation of the New York station. In his responses to Defendants' motions to dismiss, Plaintiff argues that the Barnard decision is not binding because the parties have agreed that all future questions of interpretation of the Award would be determined by the DRC, and therefore this seniority question cannot be considered by Barnard. Subsequent to TWU declining to pursue Plaintiff's grievance, Plaintiff filed this case in federal court.

## II.     The Magistrate Judge's Report and Recommendation

After the Magistrate Judge recommended that Defendants' motions to dismiss the case be denied, Defendants each filed their own separate objections, and Plaintiff filed responses. The Court will now consider the Report and Recommendation and Defendants' objections.

### 1.     Legal Standard

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendants filed objections, this Court reviews de novo those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2.

**2. Analysis**

In their objections to the Report and Recommendation, Defendants argue that the Magistrate Judge erred in finding that the Court had jurisdiction over the case and erred in finding that the Barnard ruling is non controlling. After a de novo review of the record, the Court determines that

Plaintiff has jurisdiction to bring his case under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq.*, as Plaintiff is alleging a hybrid action which involves a claim against AA for breach of the collective bargaining agreement ("CBA") and a claim against TWU for breach of the duty of fair representation. The Court also finds that arbitrator Barnard's ruling on the interpretation of the Award is not controlling on this Court in this current matter.

In order to prevail on a hybrid right claim, a plaintiff must show both that his employer breached the CBA and that the union breached its duty to fairly represent the employee. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983); *Dushaw v. Roadway Express*, 66 F.3d 129, 132 (6th Cir. 1995). The Court finds that there are genuine issues of material fact as to whether AA breached the CBA by its calculation of seniority for its employees or by allegedly "endlisting" employees on a master seniority list.

The Court also finds that there is a genuine issue of material fact as to whether TWU breached its duty to fairly represent Plaintiff by acting arbitrarily or in bad faith. TWU argues that the Magistrate Judge's Report and Recommendation is in error because she confused the parties, as neither Defendant Local TWU Union 521, nor the National TWU Union were a party to the case before arbitrator Barnard. Defendant TWU also argues that it made its decision to not arbitrate Plaintiff's grievance before Barnard made a decision. The Court finds, however, that Defendant Local 521 stated in the April 2, 2004 letter that "Local 521 Executive Board will review [Plaintiff's] grievance after the STL [i.e., Barnard] decision." Ex. 3, Resp. to Def. TWU's Obj. (Oct. 27, 2005). Thus, there is a question as to the nature of Defendants TWU's reliance on the Barnard arbitration in denying arbitration relief to Plaintiff, which Plaintiff alleges was done arbitrarily or in bad faith.

This sufficiently creates a genuine issue of material fact as to whether Defendants TWU breached the duty of fair representation to Plaintiff.

Because this Court finds that genuine issues of material facts exist as to whether AA breached the CBA by its calculation of seniority and whether TWU acted arbitrarily or in bad faith by declining to pursue Plaintiff's grievance, the Court denies Defendants' motions to dismiss and for summary judgment. The Magistrate Judge has granted Plaintiff the opportunity for additional discovery in these matters. Upon the close of this additional discovery, Defendants may refile motions for summary judgment if they so desire.

**IV.     The Magistrate Judge's Nondispositive Orders**

Following the Report and Recommendation, the Magistrate Judge also issued three nondispositive orders granting Plaintiff's motions to compel discovery, granting Plaintiff's motion to amend complaint, and denying AA's motion to stay discovery. Defendants filed objections to these nondispositive orders, which the Court will now consider.

**1.     Legal Standard**

Nondispositive orders issued by a magistrate judge are governed by the terms of 28 U.S.C. § 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure further provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written

> order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a).

"According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

**2.     Analysis**

Defendants have filed objections and appeals to three of the Magistrate Judge's nondispositive orders granting Plaintiff leave to file an amended complaint, denying a motion to stay discovery, and granting two motions to compel discovery.  After a review of the record, the Court finds that the Magistrate Judge's orders are not clearly erroneous or contrary to law, and thus the Court overrules Defendants' objections.

**V.     AA's Motion to Stay Litigation and TWU's Motion to Allow Oral Argument**

AA has filed a motion to stay the litigation of the case.  In its motion, AA argues that the case should be stayed so that the question of the collective bargaining interpretation of the Award can be referred to the DRC.  The Court concludes that it has continuing jurisdiction over Plaintiff's

hybrid claim. Nevertheless, the Court recognizes that nothing prohibits the parties from obtaining an interpretation from the DRC, and that since the parties have agreed that the DRC has the ability to interpret the Kashner Award, any decision by the DRC might affect the hybrid claim proceedings in this Court. The Court, however, will not stay the pending case for a DRC interpretation, and thus denies AA's motion to stay litigation.

Finally, TWU has filed a motion to allow oral argument on all the pending motions and objections. Because the Court has relied on the parties' briefings and now rules on all pending motions and objections in this Order, the Court denies TWU's motion as moot.

### VI. Conclusion

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' objections [docket entries 54 and 57] to the Magistrate Judge's Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry 50] is **ACCEPTED** and **ADOPTED** as the opinion of this Court, in a manner not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Defendant AA's motion for summary judgment [docket entry 20] and Defendant TWU's motion to dismiss and/or for summary judgment [docket entry 22] are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' objections [docket entries 56, 59] to the Magistrate Judge's orders are **OVERRULED**, and that the Magistrate Judge's orders granting leave to file an amended complaint [docket entry 51] and denying motion to stay discovery [docket entry 52] are **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendants' objections [docket entries 72, 73] to the Magistrate Judge's order are **OVERRULED**, and that the Magistrate Judge's order granting Plaintiff's motions to compel discovery [docket entry 61] is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant AA's motion to stay litigation [docket entry 62] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant TWU's motion to allow oral argument [docket entry 82] is **DENIED AS MOOT**.

**SO ORDERED.**

Dated:     March 31, 2006                               s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 3, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  John G. Adam; Reginald G. Dozier; Christopher P. Legghio; Lynn H. Shecter, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                            .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845