UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MARCUCILLI,

        Plaintiff,

v.                                              Case No. 04-40244
                                                   Hon. Sean F. Cox

AMERICAN AIRLINES, INC., et al.,

        Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for reconsideration of the Court's Order granting Defendants' motions for summary judgment. All parties have fully briefed the issues. For the following reasons, the Court **DENIES** Plaintiff's Motion.

### I. BACKGROUND

This action arises out of the alleged failure to properly calculate Plaintiff's seniority, brought pursuant to the Railway Labor Act ("RLA"), 45 USC §151, *et seq*.

The underlying facts are sufficiently set forth in this Court's March 7, 2007 Order granting Defendants' motions for summary judgment. [Doc. 116].

On March 16, 2007, Plaintiff filed a Motion for reconsideration. Plaintiff contends that the Court erred because: (1) Arbitrator Kasher acted outside of his authority; (2) Arbitrator Kasher did not arguably construe or apply the CBA in DRC's #24 and #28; and (3) there was evidence of fraud.

## II. STANDARD OF REVIEW

Motions for reconsideration are treated as motions to alter or amend judgment pursuant to Fed.R.Civ.P. 59. *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Under Rule 59, motions may be granted if there is a clear error of law; newly discovered evidence not previously available; an intervening change in controlling law; or to prevent manifest injustice. *Gencorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Additionally, local rule provides:

> (g) Motions for Rehearing or Reconsideration.
>
> \* \* \*
>
> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g).

## III. ANALYSIS

As noted in the Court's March 7, 2007 Order, the Sixth Circuit overruled its previous precedent and articulated a new standard for determining whether judicial review of an arbitration award is appropriate in *Michigan Family Resources, Inc. v. Service Employees International*, 475 F.3d 746 (6th Cir. 2007). The court held that so long as the arbitrator: (1) was arguably construing or applying the contract; (2) did not act outside his authority by resolving a dispute not committed to arbitration; and (3) did not commit fraud, have a conflict of interest, or otherwise act dishonestly in issuing the award; then judicial review was prohibited - even if "the arbitrator made serious, improvident, or silly errors in resolving the merits of the dispute." *Id*. at

753 (citing *United Paperworkers International Union v. Misco, Inc.*, 484 U.S. 29 (1987)).

      A.    **Was Arbitrator Kasher Arguably Construing the CBA When He Issued DRC's #24 and #28?**

Plaintiff alleges that the Court erred by not acknowledging that the ruling in DRC's 24 and 28 do not "harmonize" with the CBA. All of the DRC's interpret the Original Kasher Award, which Plaintiff does not dispute. According to Plaintiff, DRC's 5 and 19 established that former TWA employees retained their seniority when they transferred to a different station due to layoffs. Plaintiff contends these DRC's were consistent with the CBA. However, the DRC subsequently issued DRC's 24 and 28, which held that former TWA employees do not retain their seniority designation when they are transferred to a station with a lower seniority designation. Plaintiff argues that these rulings do not harmonize with the CBA because they violate other portions of the CBA that state that seniority cannot be broken due to transfer.

Plaintiff alleges DRC's 24 and 28 ignore the CBA. Plaintiff's argument is unavailing. First, all DRC's seek to clarify the Original Kasher Award that Plaintiff concedes construed the CBA. Second, DRC #24 specifically cites Article 15 of the CBA. [Plf Exhibit 28, p.9]. DRC #28 directly quotes the "adverse impact" clause of the CBA, the application of which was the reason arbitration was required in the first place. [Doc. 98, Exhibit A, p.25].

Additionally, according to Plaintiff, DRC's 5, 19, 24, and 28 all made a ruling regarding whether former TWA employees retained their seniority. Plaintiff does not argue that DRC's 5 and 19 do not construe the CBA. However, he argues that DRC's 24 and 28 do not construe the CBA. What Plaintiff is really challenging is the interpretation arrived at by Kasher in DRC's 24 and 28. The Supreme Court made clear that "courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on

misinterpretation of the contract." *Misco*, 484 U.S. at 36.  "Because the parties have contracted to have disputes settled by an arbitrator...rather than by a judge, it is the arbitrator's view of the facts and of the meaning of the contract that they have agreed to accept." *Id*. at 37-38.  The question is whether the DRC was "even arguably construing or applying" the CBA, if he "appeared to be engaged in interpretation," the court will presume he was doing just that and will not review his decision.  *Michigan Family Resources*, 475 F.3d at 752-753.

It is clear that DRC's 24 and 28, at the very least, arguably construed the CBA.

**B.     Did Kasher Act Outside His Authority When He Issued DRC's 24 and 28?**

Plaintiff alleges that arbitration was only commenced to decide seniority integration and because the integration is over, the DRC did not have the authority to issue DRC's 24 and 28.  Plaintiff's argument is without merit.

It is undisputed that the Original Kasher Award gave the DRC the authority to clarify and interpret the Original Award as necessary.  No one has challenged the authority of the DRC, and in fact, Plaintiff relies on two DRC rulings to support his position that he is entitled to retain 100% seniority.  Moreover, Plaintiff does not direct the Court to any language that requires a time limit or a termination in the authority of the DRC to rule on issues regarding the Original Kasher Award.  Supplemental awards issued pursuant to an agreement that the arbitrator may go back and clarify the original award are appropriate and valid.  *Sterling China Company v. Glass Molders, Pottery, Plastics & Allied Workers Local 24*, 357 F.3d 546, 556 (6th Cir. 2004).

In *Michigan Family Resources*, the court noted that an arbitrator acts outside of his authority by "resolving a dispute not committed to arbitration."  475 F.3d at 753.  Plaintiff does not argue that the dispute of whether the seniority designation provided by the Original Kasher

4

Award was not an issue committed to arbitration. Again, Plaintiff's challenge is that Kasher misinterpreted the contract. Plaintiff argues that the DRC's application of the "adverse impact" clause of the CBA well after the integration was completed, resulting in a reduction in seniority upon transfer, violates the CBA. As noted above, the Court is not at liberty to review the decisions of the arbitrator merely because one party believes they are wrong. See *Michigan Family Resources*, *supra*.

### C. Did The DRC Commit Fraud, Have a Conflict of Interest, or Otherwise Act Dishonestly When it Issued DRC's 24 and 28?

To establish fraud, Plaintiff relies on misquotes and misleading language he claims Defendants used in explaining the Original Kasher Award and subsequent DRC's to employees. However, Plaintiff fails to demonstrate how any of this alleged fraud affected the result of the arbitration, such that without it, the result would have been different.

Plaintiff also argues that DRC's 24 and 28 are inconsistent with DRC's 5 and 19, and the inconsistency is evidence of dishonesty. DRC #5 ruled that in addition to exercising the Seniority Integration Award seniority designation for the purposes of bidding and advancement, former TWA employees could also exercise that seniority for purposes of bumping other employees during a layoff. [Doc. 87, Exhibit B]. DRC #5 did not state that once a former TWA employee successfully bumped into another station that required a lower seniority designation under the Award, they would be entitled to keep the previous seniority designation. Further, DRC #19 built on DRC #5 and specifically ruled that former TWA employees used the seniority at the station they currently were at for purposes of determining seniority to bump other employees, not the seniority they would have at the station they wanted to bump into. [Doc. 87, Exhibit C]. DRC #19 did not hold that the employee retained the "exit seniority" after he

successfully bumped into a new station. Accordingly, DRC's 5 and 19 are not inconsistent with the later finding in DRC's 24 and 28, that an employee who transfers to a station with a lower seniority designation could only exercise the lower seniority designation, rather than any previous higher designation.

The Court is not deciding whether the Original Award, or any of the subsequent DRC rulings were fair or were correctly decided. Before the Court can review an arbitrator's decision, the decision must fail to satisfy at least one of the factors set forth in *Michigan Family Resources*. The arbitration awards at issue in this case satisfy the requirements of *Michigan Family Resources*, and so, the Court is constrained against making any further review. The Court is not oblivious to the harsh effects that the arbitration decisions have on some former TWA employees. However, the Court is not at liberty to decide the issues anew. As previously noted, "the federal courts' review of labor-arbitration decisions is not just limited, it is very limited." *Michigan Family Resources*, 475 F.3d at 752. Under this limited review, only the "most egregious" awards can be vacated, and the awards at issue here are not so egregious as to allow the Court to step in. *Id*. at 753.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for reconsideration.

**IT IS SO ORDERED.**

                                                s/Sean F. Cox
                                                **Sean F. Cox**
                                                **United States District Judge**

**Dated: April 25, 2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK MARCUCILLI,

    Plaintiff,

v.                                                   Case No. 04-40244
                                                   Hon. Sean F. Cox

AMERICAN AIRLINES, INC., et al.,

    Defendants.
_____

**PROOF OF SERVICE**

The undersigned certifies that on April 25, 2007 the foregoing order was served upon counsel of record via the Court's ECF System and via U. S. Mail upon:

Mark Marcucilli
24885 Westpointe
Brownstown, MI 48183

                                                     s/Jennifer Hernandez
                                                     Case Manager to
                                                     District Judge Sean F. Cox